**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

JONATHAN ROSENSTEIN,


                          *Plaintiff*,



                 -against-



DEREYK PATTERSON and D PATTERSON
BESPOKE, LTD.,


                          *Defendants*.

-------------------------------------------------------------------X

FILED
CLERK

8/6/2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**

24-cv-08051 (JMW)

**A P P E A R A N C E S:**

Anthony G. Piscionere
**Piscionere & Nemarow, P.C.**
211 South Ridge Street , 2nd Floor
Rye Brook, NY 10573
*Attorneys for Plaintiff*

Nicholas J. Ferrar
**Law Offices of Nicholas J. Ferrar**
1100 Franklin Avenue, Suite 202
Garden City, NY 11530
*Attorney for Defendants*


**WICKS,** Magistrate Judge:

Jonathan Rosenstein ("Plaintiff") commenced this action against Defendants Dereyk

Patterson and D Patterson Bespoke, LTD (collectively, the "Defendants") asserting claims for

breach of contract, unjust enrichment, conversion, fraud, and breach of the implied covenant of

good faith and fair dealing. (*See generally*, ECF No. 1.) These claims arise from Defendants

1

alleged failure to fulfill their contractual obligation to build and deliver custom cabinetry to Plaintiff and later, failure to notify Plaintiff of the corporate entity's dissolution. (*See id*.)

This case is at its coda, namely, ready for submission of the joint pretrial order. (*See* ECF Nos. 35-38; Electronic Order dated 7/17/2026.) However, Counsel for Defendants, Nicholas J. Ferrar of the Law Offices of Nicholas J. Ferrar ("Ferrar" or "Counsel"), filed an Order to Show Cause to stay the case and to be relieved as counsel pursuant to Local Civil Rule 1.4, due to his medical conditions. (*See* ECF No. 39.) Upon this filing, the Court found "that sufficient reason having been shown, the case is stayed pending resolution of Counsel for Defendants' Motion to Withdraw (ECF No. 39)." (*See* ECF No. 41.) Plaintiff takes no position on the relief requested apart from asking for a brief stay of proceedings. (*See* ECF No. 43.) Nor has the Court received any opposition of this application from the defendants themselves. For the reasons stated herein, the Motion to Withdraw as counsel for Defendants (ECF No. 39) is **GRANTED**.

### LEGAL FRAMEWORK

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the withdrawal of counsel.

> [A]n attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien. … All motions to withdraw must be served upon the client and (unless excused by the court) upon all other parties. Proof of such service upon the client shall be filed on the docket in each case where withdrawal is sought.[1]

Local Civ. R. 1.4(b).

---

[1] As part of the motion, Counsel submitted an Affirmation of Service that he served his motion to withdraw and supporting documents upon all Defendants on July 27, 2026. (*See* ECF No. 42.)

2

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)). "In determining whether to grant a motion to withdraw as counsel, 'district courts ... analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding.'" *Schwartz v. AMF Bowling Ctr., Inc.*, 746 F. Supp. 3d 1, 6 (E.D.N.Y. 2024) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)). New York's Rules of Professional Conduct ("NYRPC")[2] neatly divide the bases for withdrawal into two broad categories, namely, mandatory (*see* NYRPC Rule 1.16(a)) and optional (*see* NYRPC Rule 1.16(c)). The Rule has recently updated as of July 1, 2026. *See Joint Order of the Departments of the N.Y. State Sup. Ct., Appellate Division*, (June 1, 2026), https://www.nycourts.gov/LegacyPDFS/rules/comments/orders/AdministrativeOrder-JointAppDivOrder-RulesOfProfessionalConduct-Rule1-16-RiskAssessments-060126signedr.pdf The latest amendments to Rule 1.16 mandates attorneys to "make reasonable efforts to inquire into and assess the facts and circumstances of each engagement." NYRPC 1.16(a).

With this framework in mind, the Court addresses the instant application.

## **DISCUSSION**

Counsel was retained by Defendants on December 31, 2024, and has served as their attorney to date. (ECF No. 39 at 2, ¶ 1.) However, Counsel now seeks to withdraw because as of May 8, 2025, he received a diagnosis that has "somewhat impaired" his abilities to continue

---

[2] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." *Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

handling complex matters, and thus, "no longer feel[s] comfortable making Court Appearances." (*Id.* at ¶¶ 2-5.)  While Counsel has not outlined the specific provision that he moves pursuant to, the Court has deemed this application to be one made under the optional category of Rule 1.16. It appears that Rule 1.16(c)(9) seems to fit neatly with the circumstances presented. Under this section, " a lawyer may withdraw from an engagement on behalf of a client if a reasonable lawyer would conclude that … the lawyer's mental or physical condition renders it difficult for the lawyer to carry out engagement effectively[.]" NYRPC Rule 1.16(c)(9).

Having considered the declaration in support of this motion, the circumstances for permissive withdrawal have been clearly established, namely, Counsel's medical diagnosis has rendered it difficult for him to continue his engagement effectively. *See James v. Enter. Ass'n of Steamfitters Loc. 638 of United Ass'n of Steam , Hot Water, Hydraulic & Gen. Pipe Fitters of New York & Vicinity*, No. 06-CV-680 (RJD)(LB), 2009 WL 10706010, at *1 n.3 (E.D.N.Y. Nov. 23, 2009) (discussing that Rule 1.16(c)(9) pertains to a lawyer's mental or physical condition).

Indeed, Counsel states that "word finding" is difficult for him, he is not confident that he will handle this matter "without incident" and that he "certainly" cannot proceed with trial without "adversely impact[ing]" his clients. (ECF No. 39 at 2-3.) The lack of opposition from Plaintiff and the Defendants also suggests that withdrawal is the appropriate course here. *Doe v. Holy Bagel Cafe II, Inc.*, No. 15-CV-03620 (MKB) (JMW), 2024 WL 4708707, at *3 (E.D.N.Y. Oct. 17, 2024) ("[C]onsidering the absence of opposition by Defendant Sanchez, withdrawal is appropriate.") Therefore, the ground for withdrawal under Rule 1.16(c)(9) has been satisfied.

Furthermore, pursuant to EDNY Local Civil Rule 1.4(b), an attorney seeking to withdraw as counsel of record must indicate whether a retaining or charging lien is being asserted. Here,

4

Ferrar's motion is silent. (*See* ECF No. 39 at 2-3.)  Accordingly, the Court concludes that neither a retaining lien or charging lien is being asserted against Defendants.

Considering the grant of the motion, a stay is appropriate. A thirty-day stay of proceedings will provide sufficient time and opportunity for Defendants to retain substitute counsel, and for new counsel to become familiar with the matter. "Courts often find it appropriate to grant a short stay in order to alleviate any possible prejudice to the client whose counsel is withdrawing and allow the client time to find new counsel." *Bueno v. Allcity Med., P.C.*, No. 22-CV-2216 (JGLC) (KHP), 2023 WL 7001398, at *3 (S.D.N.Y. Oct. 17, 2023); *see Allen v. Krucial Staffing, LLC*, No. 20-CV-2859 (JGK), 2022 WL 2106447, at *2 (S.D.N.Y. June 9, 2022) (granting a thirty-day stay of proceedings after granting a motion to withdraw to ensure that plaintiffs have time to retain new counsel or decide to proceed pro se); *Jimenez v. Garvies Point Bagel Corp.*, No. 24-CV-04449 (SJB) (JMW), 2025 WL 3299442, at *3 (E.D.N.Y. Oct. 7, 2025) (same). Notably, while Plaintiff did not oppose this application, a short stay was Plaintiff's sole request. (*See* ECF No. 43 at 1-2.)

Therefore, Ferrar's motion to withdraw is granted.

## CONCLUSION

The Motion to Withdraw as counsel for Defendants (ECF No. 39) is **GRANTED**. All proceedings in this case are stayed until **September 11, 2026**, so that Defendants are afforded the opportunity to retain substitute counsel.[3]  The parties shall file their Joint Pre-trial Order on or

---

[3] Defendant D Patterson Bespoke LTD is on notice that it may not appear pro se and must retain counsel. "A person who is not an attorney may only represent themselves in a pro se action; they may not represent another entity." *Krick v. Raytheon Co.*, No. 23-CV-8093, 2024 WL 4441029, at *5 (E.D.N.Y. Oct. 8, 2024*), appeal denied*, 757 F. Supp. 3d 342 (E.D.N.Y. 2024); s*ee also La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) ("Such a failure to obtain counsel constitutes a failure to defend because corporations cannot proceed in federal court pro se.") (citing *Shapiro, Bernstein & Co. v. Contl Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam)). Failure to appear with counsel could lead to a recommendation of default. *See Testaccio v. Rahim*, No. 21-CV-1916 (JS) (AYS),

5

before **September 14, 2026**, in accordance with the undersigned's Individual Practice Rules and appear for a Final Pre-trial Conference in the Central Islip Courthouse, Courtroom 1020, on **September 22, 2026**, **at 1:00 p.m.**, before the undersigned. Outgoing counsel is directed to serve a copy of this Order upon Defendants at their last known addresses and email addresses and file proof of service on ECF **on or before August 10, 2026**.

Dated: Central Islip, New York
      August 6, 2026

**S O  O R D E R E D:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

---

2021 WL 1999411, at *1 (E.D.N.Y. May 19, 2021) (this "rule has been applied to dismiss any action or motion filed by a corporation purporting to act pro se.")